KEVIN V. RYAN (CASBN 118321)
United States Attorney

MARK L. KROTOSKI (CASBN 138549)
Chief, Criminal Division

GARY G. FRY (CASBN 85582)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5061
   Facsimile: (408) 535-5066
   E-Mail: gary.fry@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPER MICRO COMPUTER, INC.,<br><br>    Defendant. | Case No. CR 06-00597 RMW<br><br>**JOINT SENTENCING MEMORANDUM BY THE UNITED STATES AND SUPER MICRO COMPUTER, INC. AND REQUEST FOR EXPEDITED SENTENCING** |

# JOINT SENTENCING MEMORANDUM

The United States of America and the Defendant, Super Micro Computer, Inc. (hereafter "Super Micro"), file this Joint Sentencing Memorandum in support of their recommendation that the Court sentence Super Micro to pay a fine of $150,000. The parties also jointly request that sentence be imposed on September 18, 2006, based on the current record without need of an evidentiary sentencing hearing or a presentence report.

## INTRODUCTION

On September 1, 2006, the United States filed an Information charging Super Micro with one count of illegal exporting of items to The Islamic Republic of Iran without a necessary license, in violation of 50 U.S.C. § 1705(b). The goods at issue are 300 computer motherboards shipped to a distributor of Super Micro products in Dubai, United Arab Emirates, on or about December 28, 2001. The distributor subsequently re-shipped the motherboards to Iran. Super Micro is scheduled for a change of plea and possible sentencing on Monday, September 18, 2006, at 9:00 a.m. Super Micro will waive indictment and plead guilty under Fed. R. Crim. P. 11(c)(1)(C). Attached hereto as Exhibit A is the executed Plea Agreement.

The United States and Super Micro jointly submit this memorandum to request that the Court sentence Super Micro on an expedited basis pursuant to Crim. L.R. 32-1(b). This memorandum also outlines the material terms of the Plea Agreement between the United States and Super Micro, in the event the Court grants the parties' request to impose a sentence immediately on September 18, after accepting Super Micro's guilty plea.

The United States and Super Micro respectfully submit that this memorandum and the Plea Agreement provide sufficient information for the Court to impose a sentence immediately without a presentence report. In addition, an expedited sentencing would accommodate Super Micro in that an immediate sentence will provide Super Micro certainty regarding its exposure relating to this investigation. If the Court finds that the Plea Agreement and this memorandum do not provide sufficient information to allow for the imposition of sentence on the scheduled date of the plea hearing, the parties are prepared to submit additional information requested by the Court.

## MATERIAL TERMS OF SUPER MICRO PLEA AGREEMENT

The material terms of the Plea Agreement include:

1. Super Micro will waive indictment, waive all rights as enumerated in the Plea Agreement, and plead guilty under Fed. R. Crim. P. 11(c)(1)(C) to a one-count Information charging it with the illegal exporting of items to The Islamic Republic of Iran without a necessary license, in violation of 50 U.S.C. § 1705(b).

2. The United States and Super Micro agree that the appropriate sentence in this case is a fine of $150,000, a special assessment of $400, no disgorgement, restitution, or forfeiture, and no term of probation. Super Micro will pay the fine and special assessment on the date of sentencing.

3. The United States agrees that it will not bring further criminal charges against the company (or its predecessors, subsidiaries, or affiliates) or current or former directors, officers, or employees for any act or offense committed before the date of this plea agreement relating to violations of the export control or embargo-related laws or that could be filed as a result of the investigation that led to the pending information.

## UNITED STATES SENTENCING GUIDELINES AND 18 U.S.C. § 3553

The parties agree that a fine of $150,000 is appropriate, pursuant to the United States Sentencing Guidelines ("U.S.S.G.") and 18 U.S.C. § 3553. Appendix A to the U.S.S.G. specifies § 2M5.1 as the offense guideline applicable to a violation of 50 U.S.C. § 1705. Under Chapter 8, which relates to sentences for "Organizations," the provisions of §§ 8C2.2 through 8C2.9 are to be applied if the offense level is determined pursuant to specifically enumerated offense guidelines. Section 2M5.1 is not among the specifically enumerated offense guidelines. In such a case, § 8C2.10 provides that "[f]or any count or counts not covered under § 8C2.1 (Applicability of Fine Guidelines), the court should determine an appropriate fine by applying the provisions of 18 U.S.C. §§ 3553 and 3572." As a result, the Sentencing Guidelines range is $0 to $500,000 (the statutory maximum).

The parties submit that the following factors, along with the facts contained in the Plea Agreement and the record developed at the plea proceeding, provide a sufficient basis for imposing a $150,000 fine pursuant to 18 U.S.C. § 3553: Super Micro exported computer motherboards to Iran, which were controlled for national security purposes under export commodity control number (ECCN) 4A003.b. Super Micro has no record of criminal or regulatory offenses, it cooperated fully in the investigation, and it voluntarily created and implemented an in-house export control program before being charged. The sentence does not need to protect the public from future criminal conduct by Super Micro, but it is sufficient to deter other companies from committing similar crimes and adequately reflect the seriousness of the offense. Under the totality of the circumstances, the parties believe that, in view of the fact that the maximum statutory fine is $500,000, a fine of $150,000 is sufficient, but not greater than necessary, to accomplish the purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

KEVIN V. RYAN
United States Attorney

Dated: 9/15/2006                              /s/ Gary G. Fry
                                              GARY G. FRY
                                              Assistant United States Attorney


Dated: 9/15/2006                              /s/ Michael F. Tubach
                                              MICHAEL F. TUBACH, ESQ.
                                              O'Melveny & Myers LLP
                                              Attorneys for Defendant